UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES DERIVATIVE & ERISA LITIGATION | CASE NO. 2:08-md-1919 MJP<br><br>LEAD CASE NO. C08-387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on the Underwriter Defendants' motion for judgment on the pleadings (Dkt. No. 799), in which all other defendants join (Dkt. No. 800-804). Having reviewed the motion, the response (Dkt. No. 816), the reply (Dkt. No. 824), and all related papers, and having heard oral argument on January 27, 2011, the Court DENIES the motion.

**Background**

The Underwriter Defendants now argue that Plaintiffs' Securities Act claims tied to the August 2006 and December 2007 Offerings are barred by the statute of limitations. Certain procedural events are relevant to deciding the pending motion.

LEAD CASE NO. C08-387 MJP- 1

1  Brockton Contributory Retirement System ("Brockton") was the first of the plaintiffs in
2 this MDL to file a complaint pursuing Securities Act claims related to the August 2006,
3 September 2006, and October 2007 offerings. Brockton filed the complaint on May 13, 2008.
4 (See Case No. C08-751 MJP.) On May 16, 2008, the Court consolidated the Brockton complaint
5 with the lead securities action. (Dkt. No. 40.) On July 25, 2008, the Court granted Plaintiffs
6 permission to file an amended consolidated complaint by August 5, 2008. (Dkt. No. 57.)
7 Plaintiffs filed their amended consolidated complaint on August 5, 2008. (Dkt. No. 67.) The
8 complaint named Brockton as the sole plaintiff to represent a class of persons who bought
9 WaMu securities in the August 2006, September 2006, and December 2007 offerings.

10  Defendants moved to dismiss Plaintiffs' amended consolidated complaint, arguing
11 specifically that Brockton lacked standing to pursue claims as to the August 2006, September
12 2006, and December 2007 offerings. (See Dkt. No. 188 at 12.) In their opposition brief filed
13 February 23, 2009, Plaintiffs requested leave to amend their complaint if the Court agreed with
14 Defendants as to Brockton's standing. (Dkt. No. 229 at 38-39.) Plaintiffs expressly named
15 Pompano Beach Police and Firefighters' Retirement System ("Pompano") and the Police and
16 Fire Retirement System of Detroit ("Detroit P&F") as additional parties who had purchased
17 securities in the offerings and who were willing to become named plaintiffs. (Id.) Plaintiffs also
18 included a rather generic request for leave to amend in a footnote on the final page of the brief.
19 (Id. at 148 n.3.) At oral argument on Defendants' motions to dismiss on May 1, 2009, Plaintiffs
20 reiterated their request for leave to amend if the Court found Brockton to lack standing. (Dkt.
21 No. 816-1 at 7, 8.) At the hearing, counsel for on the Underwriter Defendants agreed that
22 Plaintiffs' request to amend should be granted: "I heard [Plaintiff's counsel] say he's happy to
23
24

amend. We think the Court should accept that invitation. And joining with others I think the right result here is an amended complaint." (Id. at 10.)

The Court granted the motion to dismiss on May 15, 2009. (Dkt. No. 277.) The Court found Brockton lacked standing to pursue claims as to the August 2006 and December 2007 offerings. (Id. at 22.) The Court granted Plaintiffs leave to amend, stating "Plaintiffs claim they can designate additional named plaintiffs to obtain standing as to the other three offerings, and are directed to amend their Complaint accordingly." (Id.)

Plaintiffs filed their second amended consolidated complaint on June 15, 2009, naming Pompano and Detroit P&F as additional parties who had purchased securities in both offerings. After a second round of motions to dismiss, the Court found both parties had standing to pursue certain claims as to the August 2006 and December 2007 offerings. (Dkt. No. 381 at 30 (October 27, 2009).) On October 12, 2010, the Court certified Pompano and Detroit P&F as adequate representatives for those in the class who made purchases in the August 2006 and December 2007 offerings. (Dkt. No. 759.)

**Analysis**

The Underwriter Defendants move to dismiss Pompano and Detroit P&F's claims on the theory that their claims are time-barred. Defendants argue that the statute of limitations expired on May 13, 2009, and that Pompano and Detroit P&F failed to assert their claims by that date. (Dkt. No. 799 at 11.) Even if the Court accepts May 13, 2009 as the date Pompano's and Detroit P&F's claims expired, the Court finds that they timely asserted their claims.

A one year statute of limitations applies to Securities Act claims. The Act requires any action to be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15

U.S.C. § 77m.  The parties do not dispute this point.  For purposes of deciding this motion only, the Court accepts Defendants' self-serving belief that the statute of limitations with regard to Pompano's and Detroit P&F's claims ended on May 13, 2009.

When considering the statute of limitations, an amended pleading is effectively filed when a motion to amend is filed.  See Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000); In re Metropolitan Sec. Litig., 532 F. Supp. 2d 1260, 282 (E.D. Wash. 2007).  It is not, as Defendants suggest, the date the amended complaint is filed or when the Court grants leave to amend.  Two reasons support this outcome.  First, the parties have no power to control when the court renders its decision on a motion to amend.  Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993).  Second, if the motion to amend is accompanied by a proposed amended pleading, the motion puts the defendant on notice of the impending claim.  Id.  Defendants attempt to distinguish Rothman and the cases Plaintiffs cite on the basis that those cases only speak to adding defendants to a case.  The Court sees no reasoned basis why the rule should change whether a plaintiff adds a new defendant or a new plaintiff.  The underlying reasons for the rule in Rothman and Moore are equally served in both situations.  The Court rejects Defendants' proposed limitation.

A district court may construe a request to amend contained in a responsive brief to be a formal motion to amend.  See Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n.2 (9th Cir. 1990).  This rule is quite rational.  It is quite common for a plaintiff opposing a motion to dismiss to request, in the alternative, that she be given leave to amend if the Court disagrees with her arguments.  Requiring the plaintiff to file a separate motion is unnecessary, and would simply cause the plaintiff to argue simultaneously that her complaint is both sufficient and deficient.  And because leave to amend is to be liberally granted, see Fed. R. Civ. P. 15(a)(2),

1  courts have routinely construed requests to amend as formal motions when they are included in
2  response briefing and even affidavits.  See Grisham v. Philip Morris, Inc., 670 F. Supp. 2d 1014,
3  1022-23 (C.D Cal. 2009); Cole v. Builders Square, No. CV-99-729-ST., 2000 WL 1456908, at
4  *2 (D. Or. Sept 20, 2000); Skinner v. Beemer, No. 05-71150, 2008 WL 659795, at *4-5 (E.D.
5  Mich. Mar. 11, 2008).

6        Plaintiffs also point out that Federal Rules of Civil Procedure explicitly permit a party to
7  satisfy the formal, written motion requirement by making oral requests of the Court for a ruling
8  at a hearing or trial.  Fed. R. Civ. P. 7(b)(1)(A).  This rule applies equally to requests for leave to
9  amend.  And while the Court's Local Rules have certain requisites for filing motions, see Local
10 Rule CR 7(b), those local rules cannot trump the Federal Rules, see Fed. R. Civ. P. 83(a)(1).  See
11 also Meriwether v. Coughlin, 879 F.2d 1037, 1042 (2d Cir. 1989) (holding that a local rule
12 requiring motions to be filed could not be construed to contradict Federal Rule of Civil
13 Procedure 7(b)(1)).

14       Plaintiffs made two proper, timely motions to amend to name Pompano and Detroit P&F
15 as plaintiffs.  First, on February 23, 2009, Plaintiffs filed their opposition to the motions to
16 dismiss, stating they were "prepared to present additional named plaintiffs to represent the Class
17 for each of the Offerings." (Dkt. No. 229 at 38-39.)  They explicitly named Pompano and
18 Detroit P&F as the plaintiffs who would have standing.  (Id.)  In a footnote, Plaintiffs also
19 requested that "if the Court dismisses any of Lead Plaintiff's claims (and it should not), Lead
20 Plaintiff should have the opportunity to replead." (Id. at 148 n.3.)  The Court finds these very
21 explicit requests satisfy the formality requirements for a motion to amend, and it finds the motion
22 to have been made well within the statute of limitations.  Second, Plaintiffs renewed their request
23 to amend their complaint to add Pompano and Detroit P&F during oral argument on Defendants'
24

ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 5

motions to dismiss on May 1, 2009. Indeed, Defense counsel expressly agreed with this request: "I heard [Plaintiff's counsel] say he's happy to amend. We think the Court should accept that invitation. And joining with others I think the right result here is an amended complaint." (Dkt. No. 816-1 at 10.) Plaintiffs' oral request to amend satisfies all of the formality requirements of Rule 7(b)(1), and it was made twelve days before the statute of limitations purportedly expired. Pompano and Detroit P&F timely filed their claims. Defendants' motion for judgment on the pleadings is DENIED.

Defendants suggest that Plaintiffs should have preemptively amended their complaint, rather than request leave in their opposition brief or at the hearing. Defendants claim "[t]here was nothing preventing Plaintiffs from adding Pompano and Detroit as named plaintiffs at that time [February 23, 2009], before the statute of limitations expired, but plaintiffs' counsel took no affirmative steps to do so." (Dkt. No. 824 at 10.) This argument ignores the rules discussed above as to amendment and the realities of litigation. It is entirely reasonable for a plaintiff to file an opposition to a motion to dismiss in which she alternatively requests leave to file an amended complaint if the Court disagrees with her position, rather than simply up and file a new complaint the minute a motion to dismiss is filed.

In the briefing and at oral argument, Defendants fixated themselves on the mistaken belief that <u>American Pipe & Constr. Co.</u>, 414 U.S. 538 (1974), is somehow relevant to Pompano and Detroit P&F's claims. Plaintiffs have not and need not invoke any principal of tolling in order to demonstrate the timeliness of Pompano and Detroit P&F's claims. As explained above, Pompano and Detroit P&F filed a timely complaint within the statute of limitations, even under Defendants' self-serving construction of when the statute of limitations ended. Defendants' arguments regarding <u>American Pipe</u> and any exceptions thereto are misplaced.

ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 6

**Conclusion**

The Court DENIES Defendants' motion for judgment on the pleadings. Pompano and Detroit P&F timely filed their claims even under Defendants' construction of when the statute of limitations for their claims expired. As noted above, the Court makes no formal ruling as to when the statute of limitations began or ended. It merely accepts Defendants' proposed date of May 13, 2009 for purposes of deciding this motion only.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 28th day of January, 2011.

Marsha J. Pechman
United States District Judge